UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EVANS KLIMAVICH, et al. | )  Criminal No. 23-cr-10284<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT MEMORANDUM PURSUANT TO L.R. 116.5(a)**

The United States of America and Defendants, by undersigned counsel, submit the following Joint Memorandum regarding the above-captioned matter.

(1) **Status of Automatic Discovery and Pending Discovery Requests**

Automatic Discovery Provided by the Government

The United States provided discovery to the Defendants on the dates of their respective initial appearances and on December 14, 2023.

Automatic Discovery Provided by the Defendants

Defendants have not provided automatic discovery.

(2) **Timing of Additional Discovery**

Automatic Discovery To Be Provided by the Government

The United States anticipates providing additional discovery within the next 30 days. Specifically, the Government has disclosed that a number of state search warrants were obtained during the course of the investigation.  The government has endeavored to obtain signed, official copies of all of the relevant state warrants.  In addition, the government anticipates providing a cellphone extraction report to defense counsel by January 10, 2024.

The United States is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(b)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

Automatic Discovery To Be Provided by Defendants

The Defendants are not aware of any automatic discovery materials.

(3) **Timing of Additional Discovery Requests**

Counsel for the Defendants seek time to review discovery once it is complete. If discovery motions are necessary, the parties request to propose dates in the Interim Status Report.

(4) **Protective Orders**

The Government does not intend to seek a protective Order at this time.

(5) **Pretrial Motions under Fed. R. Crim. P. 12(b)**

If pre-trial motions are necessary, the parties request to propose dates in the Interim Status Report.

(6) **Timing of Expert Witness Disclosures**

If expert witness disclosures are necessary, the parties request that the schedule for their production be established at a later date.

**(7) Periods of Excludable Delay**

The parties agree that the time from the Initial Status Conference until the next scheduled status conference should be excluded under the Speedy Trial Act.

(8) **Timing of the Next Status Conference**

The parties request additional time for the completion of discovery and review by counsel. In addition, counsel for Defendant Marsden anticipates that a personal matter will require his attention for approximately two weeks. As such, the parties request that the status conference

presently scheduled for January 5 2024, be changed/moved to an Interim Status Conference to be held at a date convenient for the Court and parties in approximately 60 days.

Respectfully submitted,

Joshua S. Levy
Acting United States Attorney
By:
/s/ K. Nathaniel Yeager
K. NATHANIEL YEAGER
Assistant U.S. Attorney

| EVANS KLIMAVICH | STEPHEN M. MARSDEN |
|---|---|
| By: | By: |
| /s/ Paul V. Kelly | /s/ Scott Gediman |
| PAUL V. KELLY, ESQ. | SCOTT GEDIMAN, ESQ. |