UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 23-cr-10284-RGS |
| | ) | |
| v. | ) | |
| | **)** | |
| (2) STEPHEN M. MARSDEN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S "EMERGENCY" MOTION TO
COMPEL PRETRIAL DISCLOSURE OF "BRADY" MATERIAL

The Defendant has moved in limine for an emergency order compelling the government to immediately produce evidence in the negative, e.g., to produce all "surveillance related materials ..,.that reflect, document, or note the absence any firearm possession…" ECF 89 (hereinafter the "Motion")

Law & Argument

In order to prove that the Defendant possessed a firearm in furtherance of a drug trafficking crime in violation 18 U.S.C. § 924(c) "the government must prove that the defendant: (1) committed a drug trafficking crime; (2) knowingly possessed a firearm; and (3) possessed the firearm in furtherance of the drug trafficking crime." United States v. Bobadilla-Pagan, 747 F.3d 26, 35 (1st Cir. 2014)(citing United States v. Marin, 523 F.3d 24, 27 (1st Cir.2008). Proof of the third element must be considered using both objective and subjective criteria. "Objective factors the court considers include: (1) the proximity of the firearm to drugs or contraband; (2) whether the firearm was easily accessible; (3) whether the firearm was loaded; and (4) the surrounding circumstances. Bobadilla-Pagan, 747 F.3d at 35 (citing cases)(emphasis added). Subjective

intent can be proven by statements made by the Defendant.  See Id. at 36.  Where direct evidence of subjective intent is lacking, the jury may infer intent from the objective circumstances.  Id.

As support for the Motion, the Defendant cites just two cases.  The cases, stand for the proposition that the government must prove beyond a reasonable doubt that there is a nexus between the seized firearms and the Defendant's drug trafficking.  See United States v. Grace, 367 F.3d 29, 35-36 (1st Cir. 2004); United States v. Luciano, 329 F.3d 1, 6 (1st Cir. 2003).  From that precedent, the Defendant asserts that Brady v. Maryland, 373 U.S. 83, 87 (1963) ("Brady"), requires the production of all evidence "where surveillance documents trafficking conduct without observing, depicting, or noting the presence of any firearm…."  ECF 89 at 2.

The Motion plainly confuses proof of a nexus with proof that investigators did not observe the Defendant carrying a firearm.  Indeed, one of the cases cited by the Defendant, United States v. Grace, 367 F.3d 29, 35-36 (1st Cir. 2004), proves the difference.  The First Circuit

> has shown considerable latitude in determining whether a firearm was sufficiently proximate to drugs or drug proceeds or accessible to support an "in furtherance of" conviction. For example, in … [United States v. Grace, 367 F.3d 29, 35-36 (1st Cir. 2004)], this court affirmed a conviction for possession "in furtherance of" a drug trafficking crime where the defendant kept an unloaded gun under a bed in a drawer that was blocked by a duffel bag, a trash can, and box of books, even though there was no ammunition in the house and the drugs were stored in a separate room.

United States v. Bobadilla-Pagan, 747 F.3d 26, 35–36 (1st Cir. 2014)(citing Grace, 367 F.3d at 31, 35–36).

In this case, the Government is not aware of any evidence, nor will it offer any evidence, that criminal investigators observed the Defendant in possession of a firearm while conducting surveillance.  Instead, the Government will rely on  evidence and testimony regarding (1) the

Defendant's use of his apartment and office for drug trafficking, (2) items seized from the Defendants apartment and office, (3) information found of the Defendant's phone, and (4) the sworn testimony of a cooperating witness.

## Conclusion

For these reasons, the Government respectfully requests that this Court deny the Defendant's motion.

                                        Respectfully submitted,

                                        LEAH B. FOLEY
                                        United States Attorney

Date: January 12, 2026

                          By:   */s/ K. Nathaniel Yeager*
                                K. Nathaniel Yeager
                                Andrew Caffrey
                                Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed under seal will be served on counsel for the defendant.

                                     */s/ K. Nathaniel Yeager*
                                     K. Nathaniel Yeager
                                Assistant United States Attorney

Date: January 12, 2026